UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CODY RICKARD, | ) | CASE NO.: 3:22CV1278 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | U.S. DISTRICT JUDGE |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN JAY FORSHEY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

On April 1, 2024, the Magistrate Judge issued a Report and Recommendation that the Court dismiss Petitioner Cody Rickard's habeas petition on the basis that his sole claim was not cognizable.  On May 15, 2024, Rickard timely filed objections.  The Court now reviews his objections.

Where objections are made to a magistrate judge's R&R this Court must:

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R concluded that Rickard's petition challenged the manner in which his petition for post-conviction relief was resolved by the state court.  As a result, the R&R concluded that Rickard's sole claim was not cognizable in a federal habeas petition.  Rickard does not challenge this conclusion, but instead he argues that his petition raised a claim of ineffective assistance of trial counsel.  In support, Rickard appears to rely upon a singular sentence in his petition that claims that the decisions of the Ohio courts violated his right to the effective assistance of trial counsel.

Initially, this Court notes that it agrees with the R&R that Rickard's petition raised challenges to the resolution of his motion for post-conviction relief.1   However, even if this Court were to accept Rickard's argument that he presented an ineffective assistance of counsel claim, the petition would still fail.   At the heart of such a claim is Rickard's contention that his trial counsel was ineffective for failing to retain an accident reconstruction expert.   However, Rickard raised such a claim on direct appeal and failed to appeal the appellate court's decision rejecting his argument.   As such, any ineffective assistance of counsel claim would be procedurally defaulted. The state trial court agreed with this result when it found that Rickard's claim in post-conviction relief was foreclosed by *res judicata*.   Rickard has failed to argue any cause for his procedural default.   Accordingly, a merits review of his argument is foreclosed.

The R&R is adopted in its entirety, and the petition is DENIED.   The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.


IT IS SO ORDERED.


Date:_ 6/7/2024___                                    _/s/ John R. Adams_____
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE

---

1  This Court notes that while Rickard's counsel claims that he clearly raised such a claim, the petition lacks *any* reference to the legal standard that would govern such a claim.